IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TERRI S. LESTER,**

        Plaintiff,

vs.                                      Civ. No. 04-1258 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed March 21, 2005. Docket No. 12. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken and will be granted.

**I.  PROCEDURAL RECORD**

Plaintiff, Terri S. Lester, applied for Disability Insurance Benefits and Supplemental Security Income Benefits on October 16, 2002. Tr. 50, 139. Plaintiff alleged she became disabled on July 18, 2000 from a knee impairment. Tr. 59-60. This application was denied at the initial and reconsideration level.

The ALJ conducted a hearing on June 9, 2004. At the hearing, the Plaintiff was represented by counsel. On August 13, 2004, the ALJ issued his decision and found that Plaintiff's knee impairment was severe; however, Plaintiff had the residual functional capacity ("RFC") to perform her past relevant work. Tr. 18. Thereafter, the Plaintiff filed a request for review. On August 13, 2004, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 11. The Plaintiff subsequently filed her Complaint for court review of the ALJ's decision on November 3, 2004.

Plaintiff was born on August 6, 1955. Tr. 15. She has a tenth grade education and past work experience as a bartender and cashier. Tr. 15.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. *See Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Glenn v. Shalala*, 21 F.3d 983 (10th Cir. 1994). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance. *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992); *Sisco v. United States Dep't. of Health & Human Servs.*, 10 F.3d 739, 741 (1993). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. *See Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months,

which prevents the claimant from engaging in substantial gainful activity. *See* 42 U.S.C. §423(d)(1)(A); *see also Thompson*, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *See Thompson*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id*.

### III.  MEDICAL HISTORY

The medical records before the ALJ and the Court are scant. The records show that the Plaintiff injured her right knee in the summer of 2000. An MRI, performed in April of 2001, demonstrates that Plaintiff had an anterior cruciate ligament tear, medial meniscus tear and medial collateral ligamentous complex tear in her right knee. Tr. 96. Plaintiff was referred to physical therapy but did not complete treatment. Tr. 103.

Plaintiff saw a chiropractor on April 15, 1997 for lower back pain. Tr. 114. She returned for treatment on May 13, 2003. Tr. 116.

On January 20, 2003, Plaintiff was evaluated by Andrew Maslona, M.D. Tr. 209. In his

report he noted that the Plaintiff "states that the compensatory movements that her knee pain requires have caused pain in her left ankle and her low back." *Id*. He found that the Plaintiff had some difficulty in squatting but had no deficits in range of motion and no need for assistive device in ambulation. Tr. 108.

## IV. DISCUSSION

Plaintiff asserts that the ALJ failed to properly develop the record in not obtaining the records of Gerard H. Dericks, Jr. M.D. Plaintiff also asserts that the records of Dr. Dericks are new and material and thus this matter should be remanded for consideration of Dr. Dericks' records. 42 U.S.C § 405(g). The Court finds for the following reasons that the ALJ failed to properly develop the record.

"Although a claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Carter v. Chater*, 73 F.3d 1010, 1021 (10th Cir. 1996) (citing *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993) (citations omitted)). "The duty is one of inquiry, ensuring that the ALJ is informed about 'facts relevant to his decision and [learns] the claimanant's own version of those facts.'" *Henrie v. U.S. Dept. of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993) (citations omitted). This duty includes obtaining pertinent, available medical records which come to his attention during the course of the hearing. *Carter,* 73 F.3d at 1021.

The transcript of the hearing reveals the following:

Q     What's the most serious medical problems you have today that interferes with your ability to work?
A     It is my lower back.
Q     What year did your low back start bothering you?
A     Well, it's always been since I've had the accident, over 20 years ago. But it's really flared up in the last, little over two years now.

> Q	When's the last time you went to the doctor for your back?
>
> A	This was Dr. Derrick's, and that was, I believe September of last year. And all this was was just the x-rays. And then he wanted me, which he gave me my prescription to get Therapy and then see about possible back surgery.
>
> ...
>
> ALJ:	Do I have the medical records?
> ATTY: No.
>
> ...
>
> ALJ:	How do you spell his last name, ma'am?
> CLMT: It's D-e-r-i-c-k-s.
> BY ADMINISTRATIVE LAW JUDGE:
> Q	And what is his address:
> A	It's 710 South Gold Avenue, that Denning, 88030.
>
> ...
>
> A	Well, the reason for not having the medical records of anything on him is they refused to give up because he took 13 x-rays of me, and told me that I am in very bad shape from my neck down. And they would not release – any of my medical records because I asked them to give me a statement because I needed it for this appointment here. They wanted $375 just for a piece of paper, and would not even let me see what he wrote my condition. And then they upped it to $575.
>
> Tr. 158-161.
>
> ALJ:	Depending upon what those records how, I may have another exam. But I will do my best to get the records and I will – when I get a response, we'll send you a copy of the response.
>
> ...
>
> ALJ:	I want the interpretation [of the 13 x-rays]. So ma'am, I won't even starting wording – working on my answer until I find out about Dr. Dericks' to determine whether I need another consultative exam.
>
> Tr. 180.

The Court also notes that Plaintiff stated in her Request for Reconsideration on June 31, 2003, that she was having severe back problems. Tr. 35.

The ALJ's decision states:

By the time of her hearing Ms. Lester was alleging a back condition as her biggest problem. However, the medical evidence does not support the presence of a back condition verified as a medically determinable impairment by appropriate clinical signs, laboratory findings, or diagnostic techniques. Accordingly, her knee impairment is considered "severe," but the presence of a medically determinable back impairment is not reflect in the objective medical record. Tr. 16.

In reaching his decision, the ALJ relied on a consultative examination by Andrew Maslona, M.D. and a "singular chiropractic record from May 2003." Tr. 17. Neither provide any clinical or objective evidence regarding Plaintiff's back impairment.

The ALJ was on notice prior to the administrative hearing that Plaintiff suffered from back pain. This was noted in the report by Dr. Maslona and also in Plaintiff's Request for Reconsideration on June 31, 2003. Tr. 35, 107-108. In addition, the ALJ was on notice of Plaintiff's alleged back impairment at the administrative hearing as demonstrated by the transcript of the hearing. At the hearing the ALJ indicated that the records of Dr. Dericks were important and he would obtain them and then determine if an additional consultative examination was required  However, prior to his decision, the ALJ did not obtain or review Dr. Dericks' records. Nor does the ALJ explain in his decision why he did not obtain Dr. Dericks' records.

The Court finds that the ALJ's failure to obtain and consider the medical records of Dr. Dericks requires a remand for that evidence to be obtained and considered by the Commissioner. As this matter will be remanded, the Court need not decide the issue of whether the medical evidence at issue is new and material.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand

Administrative Decision is granted for proceedings consistent with this memorandum opinion and order.

```
                              _____
                              ALAN C. TORGERSON
                              UNITED STATES MAGISTRATE JUDGE
```